**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                           **Case No. 06-40015-01-RDR**

JORGE LUIS DUARTE,

        Defendant.

**O R D E R**

This order is issued to record the court's rulings during the sentencing hearing conducted on July 21, 2006. Defendant was before the court for sentencing following a guilty plea to the charge of conspiracy to possess with intent to distribute more than 500 grams of methamphetamine. This case arises from a traffic stop where more than 1,000 grams of methamphetamine were found in the vehicle defendant was driving.

The court noted and defense counsel acknowledged that defendant was withdrawing the objection listed at paragraph 99 of the presentence report. Defense counsel did make an objection to the identifying data shown on page 2 of the presentence report. Specifically, counsel stated that defendant denied using aliases or different dates of birth. Defendant, through his counsel, asserted that his identity was stolen and was used by a person named Eduardo Gutierrez when Gutierrez (not defendant) was arrested on the charges listed on page 10 of the presentence report.

The court found that defendant did not provide sufficient

information to overcome the investigation and findings of the presentence report as to these points. However, these facts were not relied upon by the court in rendering the sentence in this case.

In a sentencing memorandum and during the hearing, defense counsel asserted that the court should sentence defendant below the guideline range in this case. Government counsel argued that this position violated the plea agreement and asked the court to enforce the plea agreement. Defense counsel did not deny that the plea agreement called for a sentence within the Guidelines range. But, defense counsel asserted that the government failed to execute all of its obligations under the plea agreement and this opened the way for defendant to ask for a sentence below the Guidelines range.

Prior to the hearing, the court read and considered defendant's sentencing memorandum. The court also considered defense counsel's comments during the sentencing hearing. The court concluded that a sentence at the bottom of the guideline range was a reasonable sentence in this case. The Sentencing Guidelines take into account many of the factors mentioned in defendant's memorandum and help prevent disparities in sentencing. While the court is not bound to follow the Guidelines even by the plea agreement, the court's past history in cases is to give great weight to plea agreements. The court would treat this defendant differently from similarly situated defendants if the court ignored

the plea agreement in this case. The court did not believe defendant offered sufficient reasons to disregard the plea agreement in this case.

In addition, the court considered defendant's personal characteristics and history, the absence of a significant criminal record, and the circumstances of offense. We also considered the need for deterrence, punishment, rehabilitation and protection of the public.

The court concluded that a sentence of 87 months was a reasonable and appropriate sentence in this matter.

A copy of this order shall accompany any copy of the presentence report transmitted to the Bureau of Prisons.

**IT IS SO ORDERED.**

Dated this 24th day of July, 2006 at Topeka, Kansas.

                                s/Richard D. Rogers
                                United States District Judge